FREDERICK WILLIAM MAUSERT, RESPONDENT, v. MUTUAL DISTRIBUTING COMPANY, A CORPORATION, APPELLANT.

Submitted December 8, 1919—Decided March 1, 1920.

1. In an action for the tortious conversion of goods, where there was evidence of conversion, the question whether, under the evidence, the giving of a chattel mortgage upon the goods by the plaintiff to the defendant was a waiver of the original wrongful taking, was a jury question.

2. Where the original conversion of goods by the defendant was waived by the giving of a chattel mortgage to defendant, but there was evidence that defendant wrongfully foreclosed the mortgage, by failing to demand payment and to give notice of foreclosure, the question whether the plaintiff presented the notice and demand was for the jury.

3. It is within the discretion of the trial court to permit plaintiff in an action for conversion to refresh his memory by referring to a list of the goods which he testified was a correct copy of a list made by him of the property seized by defendant.

4. Testimony by a witness to an alleged conversation with a brother of the plaintiff, relative to what took place when plaintiff was not present, was incompetent, where there was no proof that the brother was plaintiff's agent or authorized to speak for him.

5. The court commented at some length, in the charge, upon the question of damages, dealing with several different phases of the subject, and a general exception was taken to what the court said on the question of damages. *Held*, that as there were several and separate legal propositions laid down, if one of them was sound, a general exception will not suffice.

On appeal from the Essex County Circuit Court.

For the appellant, *Reed & Reynolds* (*Arthur Harris*, of counsel).

For the respondent, *Palmer Bradner*.

The opinion of the court was delivered by

KALISCH, J. The defendant appeals from a judgment entered against it in the Essex Circuit Court, on a verdict of a jury rendered in favor of the plaintiff in an action alleging that the defendant had tortiously converted certain goods and chattels, the property of the plaintiff, to its own use. There was a motion to nonsuit the plaintiff and a motion to direct a verdict for defendant, both of which were properly denied. An examination of the case shows that there was testimony tending to establish that the plaintiff was the owner of the property and that it was taken out of his possession and against his consent by defendant's direction and acquiescence, and was subsequently converted by the latter to its own use. Whether, under the evidence adduced, the fact that the plaintiff gave a chattel mortgage on this property, after the alleged wrongful taking, to the defendant, was intended by the plaintiff as a waiver of the original wrongful act, was a jury question which appears was properly submitted to it by the trial judge. So, also, the jury could properly have found upon the evidence before it that the plaintiff when he gave the chattel mortgage to the defendant intended to waive the original wrongful taking, but that the defendant wrongfully foreclosed the mortgage, in that he failed to make a demand upon the plaintiff for payment and to give him notice of the foreclosure, and hence unlawfully disposed of the plaintiff's property at the sale had under the foreclosure. The question, whether the plaintiff by his own act prevented the defendant from making a demand upon him for payment of the mortgage and to give him notice of the foreclosure, was clearly for the jury to settle. The plaintiff, on the same evening after the goods were taken, made a list of them and what they had cost. That list appears to have been the product of his recollection. A year later some one made a copy of the origi-

nal list which the plaintiff produced for the purpose of refreshing his memory, and he testified that the list was a copy of the original made by him, and that he had knowledge that the goods mentioned in the list to which he was referring to aid his recollection were in his place, on that evening, at the time of the taking of his property. We think the use to be made of the list by the plaintiff was a matter which addressed itself to the exercise of judicial discretion by the trial judge, and was under his control. *Meyers* v. *Weger*, 62 *N. J. L.* 432 (at *p.* 441) ; *French, Receiver,* v. *Millville Manufacturing Co.,* 70 *Id.* 699 ; *More-Jonas Co.* v. *West Jersey Railroad Co.,* 76 *Id.* 708. We do not find that in the present case there was an abuse of this judicial discretion.

It is next urged that the trial judge erred in permitting the plaintiff to testify as to the value of three hundred and sixty creamers when there was no evidence that defendant received any creamers.

This contention is unsubstantial, since there was testimony in the case from which the jury could have properly inferred that at the time the defendant took the plaintiff's property it took the creamers also.

It is also insisted by the appellant that the court erred in refusing to permit the witness Schuler to testify to an alleged conversation had by him with George Mausert, a brother of the plaintiff, relative to the circumstances under which the defendant received the plaintiff's goods.

It appears that the plaintiff was not present when the alleged conversation took place. There was no proof that George Mausert was the agent of the plaintiff or had any authorization to speak for the latter regarding the circumstances under which the goods came into the possession of the defendant. The testimony offered was clearly incompetent and was properly excluded.

Lastly, counsel of appellant argues for a reversal of the judgment upon the ground that the court below laid down to the jury for its guidance in arriving at the loss which the plaintiff sustained an erroneous measure of damage.

But this ground of appeal cannot be considered, for the reasons which we will proceed to state. The record shows that all that was done by counsel of defendant was "to pray an exception to what the court said upon the question of damages." It appears from the charge that the court commented at some length upon the question of damages in various phases of the case. The objection taken at the trial and the ground of appeal go to all that was said by the court on the question of damages. The attention of the trial judge was not directed as to the complaint now made that he had laid down an erroneous measure of damage in a particular phase of the case.

It is very likely if the judge's attention had been called to the alleged error he would have recalled the jury and made the necessary correction. As there were several and separate legal propositions dealing with the question of damages laid down by the court, if any one of them was sound, a general exception to all that the court said on the question of damages is too broad and will not be considered. *Addis* v. *Rushmore*, 74 *N. J. L.* 649, and cases cited; *Gerhardt* v. *Boettger*, 75 *Id.* 916; *Holt* v. *United Company*, 76 *Id.* 585; *Mittelsdorfer* v. *West Jersey Railroad Co.*, 77 *Id.* 702; *Gannon* v. *Brady Brass Co.*, 82 *Id.* 411; *Doran* v. *Asbury Park*, 91 *Id.* 651.

In *Kargman* v. *Carlo*, 85 *N. J. L.* 632, Mr. Justice Trenchard, speaking for this court (at *p.* 636), said: "Common sense and common fairness alike require that if counsel thinks the trial judge has fallen into legal error, he should call attention to it at a time and in such manner that the judge may know that his ruling is to be made a ground of appeal, and therefore afford an opportunity to the judge to revise his ruling and to opposing counsel to modify his position so as to save error."

And in *Miller* v. *Delaware River Transportation Co.*, 85 *N. J. L.* 700, this court (at *p.* 703) held: "The new Practice act does not relieve a party from pointing out at the trial to the judge the portion of the charge to which he objects as heretofore, nor making objection to a refusal to charge a re-

quest, if it is intended to make the same as a basis of appeal. The new Practice act has made no change in that regard, only in that bills of exceptions are no longer necessary." The other grounds of appeal have been examined and considered and we find them to be without merit.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 15.

*For reversal*—None.